NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3042

GREGORY S. LLOYD,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

W. Craig James, Mauk & Burgoyne, of Boise, Idaho, for petitioner.

Ronald G. Morgan, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, and Jeanne E. Davidson, Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3042

GREGORY S. LLOYD,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED:  July 16, 2007

_____

Before RADER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Gregory S. Lloyd appeals from a decision of the Merit Systems Protection Board, No. DE-0842-05-0042-I-4, sustaining the denial by the Department of the Interior of his request for special retirement benefits as a law enforcement officer or firefighter in connection with his employment by the National Park Service between October 11, 1998, and July 14, 2001.  We affirm.

## BACKGROUND

Mr. Lloyd claims that under the Federal Employees Retirement System ("FERS") he is entitled to special retirement benefits based on his service in two positions he held

while he was employed at Mesa Verde National Park in Colorado. The first position was that of Office Automation Clerk, GS-0025-05, and the second was that of Park Ranger (General), GS-0025-05/07. The position descriptions for those positions have not been officially approved for primary law enforcement officer or firefighter retirement credit. Accordingly, the issue in this case is whether the duties Mr. Lloyd actually performed while employed in those positions satisfy the statutory definitions of law enforcement officer or firefighter. See Watson v. Dep't of the Navy, 262 F.3d 1292, 1295-96 (Fed. Cir. 2001).

To qualify as a law enforcement officer for purposes of the statutory enhanced retirement benefits, the employee's "primary duties" must involve the "investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States" or "the protection of officials of the United States against threats to personal safety." 5 U.S.C. § 8401(17). By regulation, an employee is not considered a "law enforcement officer" within the meaning of the statute if the employee's primary duties are confined to "maintaining order, protecting life and property, guarding against or inspecting for violations of law, or investigating persons other than those who are suspected or convicted of offenses against the criminal laws of the United States." Watson, 262 F.3d at 1298 (citing 5 C.F.R. § 842.802). To qualify as a firefighter, the employee's duties must be "primarily to perform work directly connected with the control and extinguishment of fires." 5 U.S.C. § 8401(14).

For purposes of those definitions, "primary duties" are those duties that (1) "are paramount in influence or weight; that is, constitute the basic reasons for the existence of the position; [(2)] [o]ccupy a substantial portion of the individual's working time over a

typical work cycle; and [(3)] [a]re assigned on a regular and recurring basis." Watson, 262 F.3d at 1298 (citing 5 C.F.R. § 842.802). "Duties that are of an emergency, incidental, or temporary nature cannot be considered 'primary' even if they meet the substantial portion of time criterion." 5 C.F.R. § 842.802. In general, if an employee spends at least 50 percent of his time performing certain duties, those duties are his primary duties. Id.

After the Department of the Interior denied Mr. Lloyd's request to be given special retirement credit, he sought review of that decision by the Merit Systems Protection Board. The administrative judge who was assigned to the case determined that Mr. Lloyd's primary duties during the relevant time period consisted of maintaining law and order and protecting life and property; his primary duties did not involve investigating, apprehending, or detaining criminals. Accordingly, the administrative judge concluded that Mr. Lloyd's position fit within the category of jobs explicitly excluded from enhanced retirement benefits by 5 C.F.R. § 842.802. In addition, the administrative judge found that Mr. Lloyd's primary duties did not involve the control or extinguishment of fires. The administrative judge therefore affirmed the Department of the Interior's denial of Mr. Lloyd's request for special retirement benefits, either as a law enforcement officer or as a firefighter. When Mr. Lloyd did not seek review of the administrative judge's decision by the full Board, that decision became the final decision of the Board. Mr. Lloyd then petitioned for review by this court.

DISCUSSION

1. Mr. Lloyd first challenges the Board's characterization of his primary duties. The determination that his primary duties for the pertinent time period involved

maintaining law and order and protecting life and property, and not investigating, apprehending, and detaining criminals, is a question of fact reviewed under the substantial evidence standard. Watson, 262 F.3d at 1304.

The parties agree that Mr. Lloyd performed the same duties throughout the time period at issue, regardless of the title and official description of his position. Substantial evidence supports the administrative judge's conclusion that Mr. Lloyd's primary duties during that time were maintaining law and order and protecting life and property. The administrative judge reviewed testimony by Mr. Lloyd and his witnesses, his performance plans, his case incident reports, and his personal logs for his case incidents. All that evidence indicates that the large majority of Mr. Lloyd's work involved activities such as visitor assistance with motor vehicle problems, issuing citations for speeding and traffic violations, responding to alarms, providing medical assistance, monitoring camping activities, and providing security to the park grounds, facilities, and cultural resources. Based on that evidence, the administrative judge reasonably concluded that Mr. Lloyd's primary duties did not involve investigating, apprehending, and detaining criminals, but instead involved maintaining law and order and protecting life and property. As such, Mr. Lloyd did not meet the statutory definition of a law enforcement officer during the time period at issue.

Contrary to Mr. Lloyd's contention, the administrative judge did not ignore evidence in reaching that conclusion. She noted that Mr. Lloyd carried a weapon, was occasionally the first responder to a more serious crime, and had, at certain times, performed particular law enforcement functions. However, the administrative judge found those responsibilities to be "incidental to his primary responsibility of [inspection

and] protection of the park property, its wildlife, and its visitors." The record supports that conclusion. Since duties of an incidental or temporary nature are not primary, 5 C.F.R. § 831.902, the facts to which Mr. Lloyd points do not alter the nature of his primary duties. Because Mr. Lloyd spent most of his time during the period at issue maintaining law and order and protecting life and property, he falls within the category of employees who are excluded by regulation from eligibility for enhanced law enforcement officer benefits. See 5 C.F.R. § 842.802.

Mr. Lloyd notes that he was granted law enforcement officer credit for the position he held immediately prior to the positions that are at issue in this case. He argues that he continued to perform the same duties throughout and that the positions at issue in this case must therefore also merit law enforcement officer credit. Mr. Lloyd, however, was granted coverage for his time in his prior position based on the official description of that position, not the duties he performed during that period. For that reason, he may have been accorded law enforcement credit even though his actual duties during that time did not constitute law enforcement duties as defined by the pertinent statute and regulations. Based on the evidence as to Mr. Lloyd's actual duties in the two contested positions during the period at issue, the administrative judge's determination is supported by substantial evidence.

2. Mr. Lloyd argues that the administrative judge improperly focused on the position descriptions for the two positions he held during the time period at issue. He argues that she thereby deprived him of the opportunity to show that his actual duties qualified him for the claimed benefits, as is permissible under Watson, 262 F.3d at 1296. The administrative judge's opinion, however, does not support that contention.

As noted above, the administrative judge based her decision on the evidence of Mr. Lloyd's actual duties during the period at issue. Although she quoted portions of one position description in an introduction to a discussion of that position and elsewhere made some references to the duties Mr. Lloyd carried out in a prior position, she did not rely on the official position description of any position for her final conclusions. We therefore reject Mr. Lloyd's argument that the administrative judge improperly relied on official position descriptions.

3. Last, Mr. Lloyd argues that the administrative judge misapprehended the law regarding how firefighting service credit can be combined with law enforcement officer service credit. The administrative judge found, and Mr. Lloyd now admits, that his firefighting duties were incidental to his other duties. On appeal, Mr. Lloyd argues that the time he spent fighting fires, combined with the time he spent in covered law enforcement activities, is sufficient to demonstrate that the majority of his duties constituted activities meant to be accorded enhanced retirement credit. He contends that 5 U.S.C. § 8412(d)(2) requires that he be accorded special retirement benefits under those circumstances. Section 8412(d)(2) provides the following:

> An employee who is separated from the service . . . after becoming 50 years of age and completing 20 years of service as a law enforcement officer, member of the Capitol Police or Supreme Court Police, firefighter, or nuclear materials courier, or any combination of such service totaling at least 20 years, is entitled to an annuity.

Mr. Lloyd argues that the phrase "or any combination of such service totaling at least 20 years" allows him to aggregate any firefighting duties and any law enforcement duties he was responsible for while in a single position. The statutory language, however, does not support Mr. Lloyd's construction. Section 8412(d)(2) requires 20 years of

"service as" an employee in one of the specified categories or a combination of "such service" totaling 20 years. The phrase "such service" refers to "service as a law enforcement officer," firefighter, or other listed employee. Accordingly, the phrase at issue is meant to allow an employee to combine time spent in multiple positions, each of which qualifies under one of the enumerated categories. It is not intended to enable an employee to create a new, unlisted category made up of some combination of the duties of positions falling within the enumerated categories. Because the premise of Mr. Lloyd's argument is incorrect, his argument fails.

Even if 5 U.S.C. § 8412(d)(2) allowed Mr. Lloyd to aggregate duties as he wishes, Mr. Lloyd's supervisor testified that firefighting was not a requirement of Mr. Lloyd's job. He further testified that he expected Mr. Lloyd to fight fires only because Mr. Lloyd had shown an interest in doing so. As such, it does not appear that Mr. Lloyd actually had any official duty to fight fires; he therefore would not have any service to combine with his law enforcement duties even if combining law enforcement and firefighting duties were allowed under the statute.

Because substantial evidence supports the Board's determination that Mr. Lloyd's primary duties did not involve activities for which he is entitled to enhanced retirement benefits, and because the Board did not misconstrue or misapply the governing statutory and regulatory provisions, we uphold the Board's decision.